Dear Ms. Wiggins:
As a member of the Louisiana Advisory Committee on Child Care Facilities seeking legal guidance from our office, you ask several specific questions addressed by laws contained in the "Child Care Facility and Child-Placing Agency Licensing Act" (Chapter 14 of Title 46 of the Louisiana Revised Statutes, comprising La. R.S. 46:1401-1424). You also request a copy of these laws, and a copy is enclosed. We think that many of your questions are readily answerable by these laws, and we believe you will agree when you read and analyze them in your enclosed copy. Therefore, we will strive to keep our answers here brief, pointed, and with reference only to the citation of the law which you yourself can then read.
First of all, it should be made clear that when these laws use the term "department," they can mean either the Department of Health and Hospitals or the Department of Social Services and that the one meant depends upon what licensed facility or agency is involved. R.S. 46:1403(5) defines "department" to mean the Department of Health and Hospitals (DHH) with respect to facilities and agencies funded under Title XIX of the Social Security Act and the Department of Social Services (DSS) with respect to all other facilities and agencies.
The liability insurance requirement is not directly addressed by these laws. While the Federal Government could make such a standard a necessary condition before it would make Federal grant funds available to the State and department, we have been informed that such is not, in fact, the case at this time. We have been given to understand that the origin of the liability insurance requirement is in the rule-making authority of the department under R.S. 46:1409. Indeed, R.S. 46:1409(B)(1) requires the adoption of rules which promote the health, safety, and welfare of children attending or residing in any facility or agency. If such a child suffers severe injury as the result of the fault of the facility or agency, the child could require years of therapy and hundreds of thousands of dollars' worth of medical care, for which the facility or agency would be liable and responsible for paying. Without liability insurance, many facilities and agencies lack sufficient funds to assure the care and well-being of such an injured child. Hence, the rule requiring liability insurance fulfills, in the area of fault and injury, the goal of promoting the health, safety, and welfare of these children.
R.S. 46:1417 makes it the duty of "the department," through its agents, to inspect all child care facilities and child-placing agencies subject to these laws at regular intervals and without previous notice. Thus, the surprise element of these inspections is a requirement placed upon the department by law and is not self-imposed. The legislative intent appears to be to discover the state of these facilities and agencies "as they are," including how well organized they regularly maintain their records and paperwork.
Both DHH and DSS are agents of the State of Louisiana, which is the principal party in the operation of all state governmental activity. DHH and DSS may cooperate and work together jointly to fulfill their respective mandates to the State and thereby act as each other's agent as well.
As you can see by looking at R.S. 46:1408(E), (F) and (G) and R.S. 46:1412(G), (H), (I), and (J), the license fees are set by statute, which can only be changed by the Legislature.
R.S. 46:1413(C)(3) requires the office of state fire marshall to set minimum space requirements as a fire and safety standard for Class B licensed facilities. R.S. 46:1409 provides for the department, with review and approval of the advisory committee, to promulgate safety rules for Class A facilities. Such is probably the origin of the minimum square footage per child. If so, the rule can be modified by the office or department which is statutorily authorized to adopt the rule and which did, in fact, adopt the rule.
A reading of these statutes reveals an apparent legislative intent to make it the primary responsibility of the licensing authority [the "department" as defined by R.S. 46:1403(5)] to "close down" — i.e., revoke the license of — any facility that does not meet required fire, safety, and/or health standards. Constitutional "due process" requires notice and the opportunity to be heard on license revocation, and R.S. 46:1420
provides a procedure before the licensing "department" to fulfill due process requirements. Thus, while the health officer and/or fire marshall might have the authority to "close down" a facility (or condemn any building within his jurisdiction) for a violation of health, fire, and/or safety codes, in the case of a licensed child-care facility, the statutorily contemplated procedure would take place before the licensing authority itself.
Trusting this opinion has sufficiently answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
RPI/TSH/bb Enc. 0909f